**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

**CHARLES LINWOOD NIX, JR.** :
:
**Plaintiff,** :
:
**v.** : **Case No. 1:26-cv-109-LAG-CHW**
:
**Sheriff EARL PRINCE, *et al.*,** :
:
**Defendants.** :
:

**ORDER AND RECOMMENDATION OF DISMISSAL**

*Pro se* Plaintiff Charles Linwood Nix, Jr., a prisoner currently confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the following reasons, Plaintiff's motion for leave to proceed IFP is **GRANTED**, but it is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**.

However, a prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in his trust account, the court

must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I. Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the

dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

## I. Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citation omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in

support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (per curiam) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II. Factual Allegations and Claims

Plaintiff's claims arise out of the revocation of his probation in the Superior Court of Grady County, Georgia. ECF No. 1 at 1. He identifies as Defendants Earl Prince, the Grady County Sheriff; Joseph Edmond, an investigator with the Sheriff's office; Janice Lashley, an employee of the Grady County Sheriff's office; and Latoya Franklin, a probation/parole officer with the Georgia Department of Community Supervision. *Id.* at 4. Plaintiff alleges that between August 6, 2025, and December 4, 2025, Defendants:

> violated Plaintiff's federal and state constitutional rights by committing up to 14 state felonies and possible federal felonies by weaponizing Plaintiff's sex offender registration forms to make it appear as though Plaintiff committed a felony offense for failure to register as a sex offender, and filed false reports, false accusations, false arrest warrants, and had the Plaintiff arrested charged, and illegally sentenced to 8 years in prison under their unwarranted premeditated acts.

*Id.* at 6 (citation modified). Plaintiff further asserts that Defendants conspired "to have the Plaintiff sentenced up to 30 years in prison for crimes each defendant actually committed." *Id.* Moreover, Plaintiff alleges that they "publicly slandered and defaced the Plaintiff by placing the false accusations on defendant Earl Prince's Facebook page under his 'Wanted Wednesday' posts to destroy the credibility of the Plaintiff's social life and standing." *Id.* Plaintiff asserts claims for malicious prosecution, false

arrest/imprisonment, slander, and libel. ECF No. 1 at 6.

### III. Plaintiff's Claims are *Heck*-Barred

Whether Plaintiff's constitutional claims are construed as ones for false arrest or malicious prosecution, they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] Under *Heck*, a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487; *see Hoffman v. Beseler*, 760 F. App'x 775, 779 (11th Cir. 2019) (per curiam) (applying *Heck*-bar to malicious prosecution and false arrest claims).

In this case, a finding that Plaintiff's imprisonment resulted from fraudulent and illegal acts by Defendants would necessarily "imply the invalidity" of his probation revocation, and Plaintiff does not allege that the revocation or revocation sentence has been overturned. *Heck*, 512 U.S. at 487. Probation revocation proceedings—even challenges to the process of probation revocation—are subject to the *Heck* bar. *Cobb v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008) (per curiam) (affirming dismissal at preliminary screening based on *Heck* "because the necessary implication of a grant of relief would be

[1]"A claim of false arrest or imprisonment . . . concerns seizures without legal process, such as warrantless arrests. These claims accrue when either the seizure ends or the plaintiff is held pursuant to legal process. Malicious prosecution, in contrast, requires a seizure pursuant to legal process." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (internal quotation marks and citations omitted). Both types of claims arise under the Fourth Amendment. *See Smith v. Sellers*, No. 5:17-cv-00497-CAR-CHW, 2018 WL 2424141, at *3 (M.D. Ga. Mar. 14, 2018) (first citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003); and then citing *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990)).

that [the plaintiff's] probation revocation is invalid"). Accordingly, Plaintiff's claims are *Heck*-barred and should be dismissed.[2]

## CONCLUSION

As set forth in detail above, Plaintiff's motion to proceed IFP (ECF No. 2) is **GRANTED**, but it is **RECOMMENDED** that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 23rd day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[2]Plaintiff's claims for slander and libel are state-law claims and not cognizable under 42 U.S.C. § 1983. *See Paulk v. Benson*, No. 22-CV-80126-RAR, 2022 WL 1238544, at *3 (S.D. Fla. Apr. 27, 2022) ("[S]lander and libel are exclusively state law claims and 'do not state a violation of federal law and are not cognizable in a section 1983 civil rights action.'" (quoting *Charles v. Scarberry*, 340 F. App'x 597, 599-600 (11th Cir. 2009) (per curiam))).